

**Andrew L. Buck, Esq.**
75 Greenridge Avenue
White Plains, NY 10605
(917) 974-0140
andrew.buck2@gmail.com

July 23, 2013

VIA FACSIMILE
(347) 394-1865

Honorable Elizabeth S. Stong
United States Bankruptcy Court for the
Eastern District of New York
Conrad B. Duberstein
U.S. Courthouse
271-C Cadman Plaza East
Brooklyn, New York 11201-1800

    Re:   *International Exchange Services, LLC v. Fusion Renewables, LLC,*
            *Adv. No.13-01111*

Dear Judge Stong:

    I represent Fusion Renewables, LLC ("Fusion"), the Defendant in the above referenced action.

    As discussed with your courtroom deputy earlier today, I have had an issue with my ECF account and am presently unable to file documents electronically. Per your deputy's instructions, attached please find a copy of Fusion's Answer, Affirmative Defenses and Counterclaim, which will be filed with the Clerk of Court tomorrow morning in advance of the status conference.

    Please feel free to contact me if I can be of further assistance

                                  Sincerely,

                                  Andrew L. Buck

cc:    Fred S. Kantrow, Esq. (via email)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :   Chapter 7
                                                               :
INTERNATIONAL EXCHANGE                                         :   Case No.: 13-40909-ess
SERVICES, LLC,                                                 :
                                                               :
                    Debtor.
---------------------------------------------------------------x
DEBRA KRAMER, AS CHAPTER 7 TRUSTEE                             :
FOR THE ESTATE OF INTERNATIONAL                                :   Adv. Proc. No. 13-0111-ess
EXCHANGE SERVICES, LLC                                         :
                                                               :
                    Plaintiff,                                 :
                                                               :
v.                                                             :
                                                               :
FUSION RENEWABLES, LLC,                                        :
                                                               :
                    Defendant.                                 :
---------------------------------------------------------------x

### ANSWER, AFFIRMATIVE DEFENSES AND
### COUNTERCLAIM OF FUSION RENEWABLES, LLC

Fusion Renewables, LLC ("Defendant"), by and through its undersigned counsel, as and for its answer, affirmative defenses and counterclaim (this "Answer") to the summons and complaint, dated March 29, 2013 (the "Complaint"), filed in this adversary proceeding (the "Action") by Debra Kramer, as Chapter 7 Trustee for the estate of International Exchange Services, LLC (the "Plaintiff"), respectfully states as follows:

### ANSWERS AS TO PLAINTIFF'S STATEMENT OF JURISDICTION

1.  Defendant neither admits nor denies the truth of the allegations contained in paragraph 1 of the Complaint, which assert a conclusion of law as to which no response is required.

1

2. Defendant neither admits nor denies the truth of the allegations contained in paragraph 2 of the Complaint, which assert a conclusion of law as to which no response is required.

3. Defendant neither admits nor denies the truth of the allegations contained in paragraph 3 of the Complaint, which assert a conclusion of law as to which no response is required.

4. Defendant neither admits nor denies the truth of the allegations contained in paragraph 4 of the Complaint, which assert a conclusion of law as to which no response is required.

5. Defendant neither admits nor denies the truth of the allegations contained in paragraph 5 of the Complaint, which assert a conclusion of law as to which no response is required.

6. Defendant neither admits nor denies the truth of the allegations contained in paragraph 6 of the Complaint, which assert a conclusion of law as to which no response is required.

### ANSWERS AS TO PLAINTIFF'S STATEMENT OF THE PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint to the extent they accurately state Defendant's address and incorporation status.

### ANSWERS AS TO PLAINTIFF'S FACTUAL ALLEGATIONS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint solely to the extent they accurately describe Defendant's business as a biofuel and chemical marketing, blending, and distribution company.

14. Defendant admits that it entered into a contract with Plaintiff (the "Contract"), and respectfully refers the Contract to this Court for its full terms and meanings.

15. Defendant admits that it entered into the Contract with Plaintiff, and respectfully refers the Contract to this Court for its full terms and meanings.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint, and respectfully refers the correspondence and communications to this Court for their full terms and meanings.

18. Defendant neither admits nor denies the allegations contained in paragraph 18 of the Complaint, and respectfully refers the correspondence and communications to this Court for their full terms and meanings.

19. Defendant neither admits nor denies the allegations contained in paragraph 19 of the Complaint, and respectfully refers the correspondence and communications to this Court for their full terms and meanings.

20. Assuming that the Plaintiff intended to say "failed" and not "filed," Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies any breach of the Contract, and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant neither admits nor denies the allegations contained in paragraph 22 of the Complaint, and respectfully refers the letter to this Court for its full terms and meanings.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

### ANSWERS AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

24. Defendant repeats and reiterates paragraphs 1 through 23 of this Answer as if fully set forth herein.

25. Defendant neither admits nor denies the allegations contained in paragraph 25 of the Complaint, and respectfully refers the Contract to this Court for its full terms and meanings.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant neither admits nor denies the truth of the allegations contained in paragraph 31 of the Complaint, which assert a conclusion of law as to which no response is required.

## ANSWERS AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

32. Defendant repeats and reiterates paragraphs 1 through 31 of this Answer as if fully set forth herein.

33. Defendant neither admits nor denies the truth of the allegations contained in paragraph 33 of the Complaint, which assert a conclusion of law as to which no response is required.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant neither admits nor denies the truth of the allegations contained in paragraph 36 of the Complaint, which assert a conclusion of law as to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

37. Defendant repeats and reiterates paragraphs 1 through 36 of this Answer as if fully set forth herein.

38. Plaintiff fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
(Breach by Plaintiff)

39. Defendant repeats and reiterates paragraphs 1 through 38 of this Answer as if fully set forth herein.

40. From the inception of the Contract, Plaintiff was repeatedly delinquent in its payment obligations to Defendant under the Contract, despite Defendant's efforts to accommodate Plaintiff's financial difficulties.

41. Plaintiff's payment defaults under the Contract permitted Defendant to terminate the Contract.

42. On or about July 28, 2012, Defendant informed Plaintiff that it had terminated the Contract.

43. As a result of Defendant's termination of the Contract, Defendant had no further obligations to Plaintiff under the Contract, including any responsibility to continue delivery of RINs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Recoupment)

44. Defendant repeats and reiterates paragraphs 1 through 43 of this Answer as if fully set forth herein.

45. As a result of Plaintiff's breaches of the Contract, Defendant was forced to sell its RINs to other buyers on the secondary RINs market at prices lower than those specified in the Contract.

46. Consequently, Plaintiff's breach of the Contract caused Defendant damages in an amount no less than $47,369.34, representing the difference in price received by Defendant on the secondary RINs market from the price specified in the Contract for the months of June 2012 through September 2012.

47. Because Defendant's damages arise out of the Plaintiff's breaches under the same transaction as those asserted by Plaintiff in the Complaint, Defendant is entitled to the equitable defense of recoupment in an amount of not less than $47,369.34.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

48. Defendant repeats and reiterates paragraphs 1 through 47 of this Answer as if fully set forth herein.

49. Plaintiff is barred from relief based on its own unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

50. Defendant repeats and reiterates paragraphs 1 through 49 of this Answer as if fully set forth herein.

51. Plaintiff has failed to mitigate its damages.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE
(Culpable Conduct)

52. Defendant repeats and reiterates paragraphs 1 through 51 of this Answer as if fully set forth herein.

53. Plaintiff's claims are barred by its own culpable conduct and/or the culpable conduct of its agents.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE
(Waiver, Laches, and/or Estoppel)

54. Defendant repeats and reiterates paragraphs 1 through 53 of this Answer as if fully set forth herein.

55. Plaintiff's' claims are barred by waiver, laches, and/or estoppel.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE
(Direct Knowledge and Authorization)

56. Defendant repeats and reiterates paragraphs 1 through 55 of this Answer as if fully set forth herein.

57. Plaintiff's claims are barred as a result of Plaintiff's express and direct knowledge and authorization of the acts complained of.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

58. Defendant repeats and reiterates paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. Plaintiffs' claims are barred by accord and satisfaction

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (Setoff)

60. Defendant repeats and reiterates paragraphs 1 through 59 of this Answer as if fully set forth herein.

61. Any recovery against Defendant is subject to a setoff in an amount not less than that of any allowed claim of Defendant in this bankruptcy case.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Prove the Elements of the Causes of Action)

62. Defendant repeats and reiterates paragraphs 1 through 61 of this Answer as if fully set forth herein.

63. Plaintiff has failed to establish the elements of 11 U.S.C. §§ 541 and 542.

### AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

64. Defendant repeats and reiterates paragraphs 1 through 63 of this Answer as if fully set forth herein.

65. As a result of Plaintiff's breaches of the Contract by failing to pay amounts owing under the Contract, Defendant was forced to sell its RINs to other buyers on the secondary RINs market at prices lower than those specified in the Contract.

66.  Consequently, Plaintiff's breach of the Contract caused Defendant damages in an amount no less than $47,369.34, representing the difference in price received by Defendant on the secondary RINs market from the price specified in the Contract for the months of June 2012 through September 2012.

67.  As a result of the foregoing, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff in an amount to be determined at trial but not less than $47,369.34 for damages incurred for breach of contract.

**AS AND FOR A RESERVATION OF RIGHTS**

68.  Defendant reserves the right to amend this Answer to add any additional affirmative defenses and/or counterclaims that may be disclosed to Defendant, or that Defendant may discover, during the course of discovery in this Action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order:

1. denying the relief requested by Plaintiff in the Complaint,

2. granting attorney's fees and costs to Defendant for defending this Action,

3. awarding judgment to Defendant on its counterclaim in an amount not less than $47,369.34;

4. dismissing this Action; and

5. granting such other and further relief as it deems just and proper.

Dated: New York, New York
July 23, 2013

                                      Andrew L. Buck, Esq.
                                      *Attorney for Fusion Renewables, LLC*

                                      By: _/s/ Andrew L. Buck_____
                                         Andrew L. Buck
                                         75 Greenridge Avenue
                                         White Plains, NY 10605
                                         New York, New York 10107
                                         (917) 974-0140
                                         andrew.buck2@gmail.com